UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| ROBERT GLEN BRAIN, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | Nos. 4:03-cr-38 / 4:08-cv-71 |
| | ) | Judge Edgar |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

**MEMORANDUM**

Federal prisoner Robert Glen Brain ("Brain") moves for post-conviction relief pursuant to 28 U.S.C. § 2255. [Court Doc. No. 49]. Petitioner Brain primarily claims that he was deprived of his right to effective assistance of counsel in violation of the Sixth Amendment to the United States Constitution. The government opposes the § 2255 motion.

After reviewing the record, the Court concludes that the motion is without merit. For the reasons expressed in this memorandum and for the reasons expressed by the government in its response [Court Doc. No. 54], the § 2255 motion will be **DENIED**. The record conclusively shows that Brain is not entitled to any relief under § 2255. There is no need for an evidentiary hearing.

**I.      Standard of Review Under 28 U.S.C. § 2255**

28 U.S.C. § 2255(a) provides that a federal prisoner may make a motion to vacate, set aside, or correct his judgment of conviction or sentence on the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the federal district court lacked jurisdiction to impose the sentence, or that the sentence is in excess of the maximum authorized by

1

federal law, or is otherwise subject to collateral attack. As a threshold standard to post-conviction relief under § 2255, a motion must allege: (1) an error of constitutional magnitude; (2) a sentence was imposed outside the federal statutory limits; or (2) an error of fact or law that was so fundamental as to render the entire criminal proceeding invalid. *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006); *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003); *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003); *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001).

Brain bears the burden of establishing an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. *Reed v. Farley*, 512 U.S. 339, 353 (1994); *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993); *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005); *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003); *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). To warrant relief under § 2255 based on an alleged non-constitutional error, Brain bears the burden of establishing that a fundamental defect in the criminal proceedings which necessarily resulted in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process. *Hill v. United States*, 368 U.S. 424, 428 (1962); *Watson*, 165 F.3d at 488; *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998); *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994); *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990).

A § 2255 motion is not a substitute for a direct appeal and it cannot do service for an appeal. *Bousley v. United States*, 523 U.S. 614, 621 (1998); *United States v. Frady,* 456 U.S. 152, 167-68 (1982); *United States v. Timmreck*, 441 U.S. 780, 784 (1979); *Regalado v. United States,* 334 F.3d 520, 528 (6th Cir. 2003); *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996); *United States v.*

2

*Walsh*, 733 F.2d 31, 35 (6th Cir. 1984). Brain cannot utilize a § 2255 motion to relitigate the same issues that were presented and decided in his direct appeal in *United States v. Brain*, 226 Fed. Appx. 511 (6th Cir. 2007), *cert. denied*, 552 U.S. 907 (2007). Issues which are presented and decided on direct appeal may not be relitigated in a § 2255 proceeding absent exceptional circumstances, e.g. actual innocence or an intervening retroactive change in the law. *Wright v. United States*, 182 F.3d 458, 467 (6th Cir. 1999); *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999); *Oliver v. United States*, 90 F.3d 177, 180 (6th Cir. 1996); *DuPont v. United States,* 76 F.3d 108, 110-11 (6th Cir. 1996). Brain in his § 2255 motion has not made out a viable claim of actual innocence and there is no intervening retroactive change in the applicable law.

An evidentiary hearing is unnecessary if there are no genuine issues of material fact in dispute and the record conclusively shows that the petitioner is not entitled to relief under § 2255. An evidentiary hearing is not required if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or mere conclusions rather than statements of fact. *Amr v. United States*, 280 Fed. Appx. 480, 485 (6th Cir. 2008); *Valentine v. United States*, 488 F.3d 325, (6th Cir. 2007); *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999); *Jones v. United States*, 2010 WL 1882122, * 1 (E.D. Tenn. May 11, 2010).

Petitioner Brain bears the burden of articulating sufficient facts to state a viable claim for relief under § 2255. Vague, conclusory claims which are not substantiated by allegations of specific facts with some probability of verity are not enough to warrant an evidentiary hearing. A § 2255 motion may be dismissed if it only makes conclusory statements without substantiating allegations of specific facts and fails to state a claim cognizable under § 2255. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961); *Jones*, 2010 WL

1882122, at * 2.

## II. Facts

The Court finds that Brain has not met this burden of showing that he is entitled to any relief under 28 U.S.C. § 2255. Brain has not established an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. He also has not established that there was a fundamental defect in the criminal proceedings which necessarily resulted in a complete miscarriage of justice or an error so egregious that it amounts to a violation of his constitutional right to due process of law.

The relevant facts are set forth in the Sixth Circuit's decision on Brain's direct appeal. *Brain*, 226 Fed. Appx. at 512-13. Brain was associated with the manufacture of methamphetamine over a period of at least eight months. On October 4, 2002, Brain was present when police officers searched the premises of James Holt and found a methamphetamine lab in operation. In his plea agreement, Brain admitted his involvement in that methamphetamine manufacturing operation.

On February 27, 2003, police officers executed a search warrant at Brain's residence, and seized numerous chemicals and other items used in the manufacture of methamphetamine. When police officers returned to Brain's residence on March 7, 2003, to execute an arrest warrant as a result of the evidence seized on February 27, an officer detected an odor associated with the operation of a methamphetamine lab inside Brain's house. Brain refused to consent to a search and the officers secured the premises to prevent the destruction of evidence until they could obtain a search warrant. When the officers executed the search warrant, they found evidence that a methamphetamine lab was being operated inside Brain's home. The officers seized quantities of hydrogen peroxide, liquid acetone, Red Devil lye, a gallon of Coleman fuel, glassware and syringes,

a coffee pot and a blender containing white residue, and various other materials and chemicals used to manufacture methamphetamine. Also present inside the residence on March 7, 2003, was Brain's 17-year old son, Bobby, who commented to the officers that he (Bobby) knew it was only a matter of time before the police would catch them. Bobby further said that he had sold his speakers because he was afraid that officers conducting a search would seize the speakers.

A federal grand jury returned a seven-count indictment against Robert Glen Brain. Brain was charged in three counts with attempting to manufacture methamphetamine in violation of 21 U.S.C. § 846. He was charged in four counts with violating 21 U.S.C. § 843(a)(6) by knowingly and intentionally possessing equipment, chemicals, products, and materials used to manufacture methamphetamine having reasonable cause to believe that these items would be used to manufacture methamphetamine. Pursuant to a plea agreement Brain pleaded guilty on October 13, 2004, to Count One, attempting to manufacture methamphetamine in violation of 21 U.S.C. § 846.

The probation officer who prepared the presentence investigation report recommended that the base offense level of 20 be increased to 30 under U.S.S.G. § 2D1.1(b)(6)(C) (2004) which provides that if the offense involved the manufacture of methamphetamine and created a substantial risk of harm to the life of a minor, the base offense level should be increased by 6 levels to a minimum level of 30. During the sentencing phase, Brain contested the applicability of the enhancement for creating a substantial risk of harm to the life of a minor (Brain's 17-year old son) by manufacturing methamphetamine in his residence. After hearing testimony at the sentencing hearing, this District Court overruled Brain's objections to the presentence investigation report. This Court found that the comment by Brain's son, Bobby, established that Bobby was around and present at some point when Brain was manufacturing methamphetamine in his residence. This Court

found that the existence of the chemicals and the presence of the child in the chemical fumes in and of itself posed a substantial danger and risk of harm to the child. It was very likely that the process of manufacturing methamphetamine occurred or took place in the child's presence. This Court imposed a sentence of imprisonment for a term of 130 months which was at the bottom of the applicable Guidelines range.

Brain took a direct appeal and raised the argument that he should not have received increase in his base offense level for creating a substantial risk of harm to the life of a minor child. After thoroughly reviewing the facts and proof in the record, the Sixth Circuit Court of Appeals completely rejected Brain's argument. On April 5, 2007, the Sixth Circuit rendered its decision affirming the District Court's judgment. *Brain*, 226 Fed. Appx. 511. The Supreme Court of the United States denied Brain's petition for writ of certiorari.

### III.     Standard of Review for Ineffective Counsel Claims and *Strickland* Test

The Sixth Amendment provides that in all criminal prosecutions, the accused shall have the to right to assistance of counsel for his defense. Ineffective assistance of counsel that violates the Sixth Amendment occurs when an attorney's deficient performance causes actual prejudice to the criminal defendant. *Lockhart v. Fretwell*, 506 U.S. 356, 369 (1993); *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Sowell v. Bradshaw*, 372 F.3d 821, 836 (6th Cir. 2004).

*Strickland* established a two-part test for deciding Sixth Amendment claims of ineffective assistance of counsel. First, Brain must establish that his attorney's performance was deficient. Second, Brain is required to demonstrate that his counsel's deficient performance caused actual prejudice to his defense by depriving him of a fair sentencing hearing. *Strickland*, 466 U.S. at 687; *Sowell*, 372 F.3d at 836-37; *Griffin*, 330 F.3d at 736; *Smith v. Mitchell,* 348 F.3d 177, 199 (6th Cir.

6

2003); *Mason v. Mitchell,* 320 F.3d 604, 616 (6th Cir. 2003); *Wickline v. Mitchell,* 319 F.3d 813, 819 (6th Cir. 2003); *Skaggs v. Parker*, 235 F.3d 261, 266-67 (6th Cir. 2000).

The first prong of the *Strickland* test requires Brain to show that his attorney's representation was deficient, i.e. fell below an objective standard of reasonableness. Brain must show that his counsel made such serious errors that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687-88; *Sowell*, 372 F.3d at 836; *Wickline,* 319 F.3d at 819; *Carter v. Bell*, 218 F.3d 581, 591 (6th Cir. 2000); *Gravely v. Mills*, 87 F.3d 779, 785 (6th Cir. 1996); *Green v. United States*, 65 F.3d 546, 551 (6th Cir. 1995).

The Court's scrutiny of the reasonableness of defense counsel's performance is highly deferential. Brain's counsel is strongly presumed to have rendered adequate legal assistance and to have made all decisions in the exercise of reasonable professional judgment and sound strategy. *Nix v. Whiteside*, 475 U.S. 157, 165 (1986); *Strickland*, 466 U.S. at 689-90 (strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance); *Sowell*, 372 F.3d at 837; *Campbell v. United States*, 364 F.3d 727, 730 (6th Cir. 2004); *Mason,* 320 F.3d at 616-17; *Wickline,* 319 F.3d at 819; *Skaggs*, 235 F.3d at 268; *Austin v. Bell*, 126 F.3d 843, 848 (6th Cir. 1997); *West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996); *O'Hara v. Wigginton*, 24 F.3d 823, 838 (6th Cir. 1994).

Strategic choices made by an attorney after thorough investigation of the relevant facts and law are virtually unchallengeable. Strategic choices made by counsel after less than complete investigation are reasonable precisely to the extent that reasonable professional judgment supports the limitation or restriction placed on the investigation. Defense counsel has a duty to make a reasonable investigation under the circumstances or to make a reasonable decision that a particular

7

investigation is unnecessary. *Strickland*, 466 U.S. at 690-91; *Skaggs*, 235 F.3d at 268.

The second prong of the *Strickland* test requires Brain to show that his attorney's deficient performance caused actual prejudice to his case. *O'Hara*, 24 F.3d at 828; *Lewis v. Alexander*, 11 F.3d 1349, 1352 (6th Cir. 1993). The prejudice component focuses on the question whether counsel's deficient performance renders the result of Brain's sentencing hearing either unreliable or fundamentally unfair. *Lockhart*, 506 U.S. at 372; *Skaggs*, 235 F.3d at 270. The Court must determine whether the performance of Brain's counsel was so manifestly deficient and ineffective that defeat was snatched from the hands of probable victory. *West*, 73 F.3d at 84; *Lewis*, 11 F.3d at 1352; *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (en banc).

To satisfy the prejudice element, Brain must show there is a reasonable probability that, but for the errors and deficient performance of his attorney, the result of his sentencing hearing would have been different and more favorable to him. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the criminal proceeding. *Strickland*, 466 U.S. at 693-94; *Humphress*, 398 F.3d at 859; *Campbell*, 364 F.3d at 730; *Griffin*, 330 F.3d at 736; *Mason,* 320 F.3d at 617; *Wickline,* 319 F.3d at 819; *Skaggs*, 235 F.3d at 270-71; *Carter*, 218 F.3d at 591; *Arredondo*, 178 F.3d at 782; *Austin*, 126 F.3d at 848; *West*, 73 F.3d at 84. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686.

**IV.** **Analysis**

The Court finds that Brain has not met his burden of demonstrating either prong of the *Strickland* test. Brain has not made out a *prima facie* claim of ineffective assistance of counsel

8

under the Sixth Amendment. Brain has not established that his counsel's performance was deficient and fell below an objective standard of reasonableness. Brain also fails to make a threshold showing that his counsel's performance caused him to suffer actual prejudice during sentencing.

### A. First Claim: Uncalled Witnesses

Brain's first claim is that his counsel failed to call unidentified "available witnesses" to testify at the sentencing hearing to rebut the government's position that Brain had endangered the life of his child. Brain contends that when his 17-year old son was present inside his residence, no methamphetamine manufacturing activities occurred and no risk of harm to the minor child was created by Brain's actions. It is alleged that Brain's counsel failed to talk with "available witnesses" who could have testified in support of Brain's position. It is further alleged that Brain's counsel failed to call any expert witnesses who could have established that Brain's manufacture of methamphetamine did not create any harm to either the child or the environment.

These vague, conclusory allegations lack sufficient facts to warrant an evidentiary hearing. Brain does not identify by name any witnesses, including expert witnesses, who would have been available to testify on his behalf at the sentencing hearing. Brain does not present affidavits from any witnesses setting forth the specific testimony that they could have offered if they had been called to testify at the sentencing hearing. Brain is not entitled to an evidentiary hearing on this issue because he has not met his burden of making a reasonable threshold showing that he has a viable ineffective assistance of counsel claim based on the theory of "uncalled" witnesses. Such vague, conclusory assertions which are not substantiated by specific facts with some probability of verity are not enough to warrant an evidentiary hearing. This first § 2255 claim must be dismissed because it only makes a conclusory claim without any substantiating allegations of specific facts and fails

9

to state a claim cognizable under § 2255. *Green*, 454 F.2d at 53; *Jones*, 2010 WL 1882122, at * 2.

Claims of ineffective assistance of counsel predicated upon bare allegations of uncalled witnesses are not favored in 28 U.S.C. § 2255 proceedings. Mere unsupported, unsubstantiated allegations about what testimony a potential witness might have given are far too speculative to justify awarding extraordinary post-conviction relief under 28 U.S.C. § 2255. Any allegations about possible testimony that might have been offered by a witness who was not called are viewed by the courts with great caution. *Evans v. Cockrell*, 285 F.3d 370, 377 (5th Cir. 2002); *Sayre v. Anderson*, 238 F.3d 631, 635-36 (5th Cir. 2001); *United States v. Luciano*, 158 F.3d 655, 660 (2nd Cir. 1998); *Lockhart v. McCotter*, 782 F.2d 1275, 1282 (5th Cir. 1986); *United States v. Cockrell*, 720 F.2d 1423, 1427 (5th Cir. 1983); *Buckelew v. United States*, 575 F.2d 515, 521 (5th Cir. 1978); *Smith v. United States*, 2009 WL 124180, * 5 (W.D. Mich. Jan. 16, 2009); *Javaherpour v. United States*, 2007 WL 1041266, ** 2-3 (E.D. Tenn. April 6, 2007), *aff'd*, 315 Fed. Appx. 505 (6th Cir. 2009); *Talley v. United States*, 2006 WL 3422997, * 9 (E.D. Tenn. Nov. 27, 2006).

To present a viable ineffective assistance of counsel claim under 28 U.S.C. § 2255 based upon an alleged failure of defense counsel to call a witness to testify, Brain at the very least is required to make an affirmative showing as to four essential factors: (1) the identity/name of the uncalled witness; (2) the availability of the witness to testify; (3) the specific details and substance of what the witness would have testified to at the sentencing hearing; and (4) there is a reasonable probability or likelihood that the testimony of the uncalled witness would have produced a different, more favorable result for Brain during sentencing. *Smith*, 2009 WL 124180, at * 5; *Javaherpour*, 2007 WL 1041266, at * 2; *Talley*, 2006 WL 3422997, at * 9. Brain has failed to establish any of

these four factors.

In sum, the Court will not hold an evidentiary hearing based on the potential testimony of uncalled witnesses where Brain has not identified the witnesses and has not submitted sworn affidavits from them. The burden is on Brain to show there is a genuine need for an evidentiary hearing. At the very least, Brain must identify and submit sworn affidavits from the uncalled witnesses stating whether they were in fact available to testify at Brain's sentencing hearing and give material testimony favorable to Brain's case. In the absence of such affidavits from uncalled witnesses, the Court cannot accept and rely on Brain's bare allegation. This is patently insufficient to make a threshold showing that testimony from alleged uncalled witnesses would have substantially changed the outcome of sentencing in Brain's favor. *Cockrell*, 720 F.2d at 1427; *Javaherpour*, 2007 WL 1041266, at * 3; *Talley*, 2006 WL 3422997, at * 10.

Moreover, the decision whether to call a witness to testify is a matter of strategy that falls squarely within defense counsel's domain. The Court's scrutiny of defense counsel's performance is highly deferential. Brain's counsel is strongly presumed to have rendered adequate legal assistance, and to have made all decisions in the exercise of reasonable professional judgment and sound strategy. *Nix*, 475 U.S. at 165; *Strickland*, 466 U.S. at 689-90; *Skaggs*, 235 F.3d at 268. Brain has not come forward with any facts and probative proof to rebut this presumption. *Smith*, 2009 WL 124180, at * 6; *Javaherpour*, 2007 WL 1041266, at * 3; *Talley*, 2006 WL 3422997, at * 10.

Brain complains that defense counsel failed to call any expert witnesses at the sentencing hearing to offer testimony that Brain did not actually create harm to the child or the environment. This contention fails. As the government explains in its response [Doc. No. 54, pp. 5-6], the plain

11

language of the sentencing enhancement under U.S.S.G. § 2D1.1(b)(6)(C) (2004) did not require proof of actual harm to a minor child. Rather, the sentencing enhancement applied so long as Brain's offense created a substantial risk of harm to the life of a minor. Consequently, there was simply no basis or need for Brain's counsel to retain an expert witness for this purpose. Because Brain's underlying claim about the need for an expert witness is without merit, his counsel was not ineffective for failing to present testimony from an expert witness.

### B. Second Claim: No Investigation by Counsel of Facts Prior to Guilty Plea

The second claim is that defense counsel advised Brain to plead guilty to Count One of the indictment before counsel conducted an independent investigation into the facts and circumstances surrounding the offense charged in Count One. The factual basis for this second claim is unclear. Brain seems to be alluding to his allegation that counsel did not challenge and contest Brain being sentenced for methamphetamine as a Schedule II rather than a Schedule III controlled substance. This matter is discussed *infra* with regard to Brain's fourth and fifth § 2255 claims concerning the reclassification of methamphetamine from a Schedule III controlled substance, 21 U.S.C. § 812, to a Schedule II controlled substance by the Attorney General of the United States pursuant to 21 U.S.C. § 811. The Court infers that Brain contends his counsel was ineffective for not conducting an independent investigation into whether the methamphetamine involved in Count One of the indictment was an injectable liquid or a different form of methamphetamine.

This claim fails. The Court concludes that Brain cannot meet his burden of showing either prong of the *Strickland* test. Brain cannot show that the performance of his counsel fell below an objective standard of reasonableness and that his counsel's alleged deficient performance caused him to suffer actual prejudice.

Brain does not identify any new or additional facts and material information that his counsel would have uncovered if counsel had conducted an independent investigation. Brain does not explain and show how an independent investigation by his counsel prior to his guilty plea on Count One would have changed the outcome of the case and produced a better or more favorable result for Brain, i.e. reduced term of imprisonment. As discussed *infra* with regard to Brain's fourth and fifth claims concerning the concerning the reclassification of methamphetamine from a Schedule III to a Schedule II controlled substance, it is immaterial whether the methamphetamine involved in Count One was either an injectable liquid or some other form of methamphetamine. It makes no difference whatsoever. When Brain committed the offense charged in Count One, and when he was convicted and sentenced on Count One, all forms of methamphetamine were properly classified as Schedule II controlled substances. Any independent investigation by Brain's counsel into this specific issue would have been superfluous and entirely unnecessary.

The record shows that Brain was indicted on seven charges. Brain's counsel was able to negotiate a very favorable plea agreement whereby Brain pleaded guilty only to Count One and the other six counts in the indictment were dismissed. This constitutes objectively reasonable, competent legal representation and the effective assistance of counsel.

Brain does not challenge the validity of his guilty plea or the accuracy of the factual basis for his guilty plea. Brain was convicted and sentenced on Count One based on a plea agreement and his knowing, voluntary guilty plea. As part of the guilty plea, Brain admitted under oath that he was guilty of the facts underlying Count One. A knowing and voluntary guilty plea made by a defendant who has been advised by competent counsel may not be collaterally attacked. *United States v. Broce*, 488 U.S. 563, 574 (1989); *Mabry v. Johnson*, 467 U.S. 504, 508 (1984).

In some cases, a defendant may be able to show that his guilty plea was not a voluntary and intelligent act because his attorney rendered ineffective assistance of counsel in violation of the Sixth Amendment. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *Ray v. Rose*, 491 F.2d 285, 289-90 (6th Cir. 1974); *Beasley v. United States*, 491 F.2d 687 (6th Cir. 1974). Where a claim of ineffective counsel is made in a § 2255 proceeding in the context of a guilty plea, the prejudice prong of the *Strickland* test is adjusted. Brain is required to allege and show there is a reasonable probability that, but for his counsel's errors and deficient performance, Brain would not have executed the plea agreement, he would not have pleaded guilty to Count One, and he would have insisted on going to trial on all seven counts in the indictment. *Hill*, 474 U.S. at 58-59; *Humphress*, 398 F.3d at 858-59; *Griffin*, 330 F.3d at 736-37; *Miller v. Straub*, 299 F.3d 570, 578 (6th Cir. 2002); *Ludwig v. United States*, 162 F.3d 456, 458 (6th Cir. 1998); S*ullivan v. United States*, 11 F.3d 573, 576 (6th Cir. 1993); *Cordell v. United States*, 2008 WL 4568076, *6 (E.D. Tenn. Oct. 14, 2008); *United States v. Lujan*, 2006 WL 2706790, ** 5-10 (E.D. Tenn. Sept. 15, 2006); *Mayes v. United States*, 93 F. Supp.2d 882, 890 (E.D. Tenn. 2000).

Brain makes no such allegation or claim here. Brain does not allege and fails to show there is a reasonable probability that, but for his counsel's errors and deficient performance (alleged failure to conduct independent investigation of facts), Brain would not have executed the plea agreement, he would not have pleaded guilty to Count One, and he would have insisted on going to trial on all seven counts in the indictment. Instead, Brain merely make a vague claim that his counsel should have conducted an independent investigation into the facts surrounding the offense charged in Count One. This fails to state a viable claim for post-conviction relief under 28 U.S.C. § 2255. The second claim will be dismissed.

**C.     Third Claim: Violation of Right to Constitutional Due Process**

Brain contends he was deprived of his constitutional right to due process of law in that the calculation of his sentence was based on "untrue and inaccurate facts" which resulted in a significant increase in his term of imprisonment.  Brain argues that the probation officer improperly increased his offense level to 30 under U.S.S.G. § 2D1.1(b)(6)(C) (2004) based on the fact that Brain's 17-year old son was present in the residence when the search warrant was executed on March 7, 2003.  Brain asserts that there had been no methamphetamine manufacturing at his residence, and the increase in his offense level to 30 was based entirely on what a police officer believed was an odor associated with manufacturing methamphetamine.  It is claimed that the search of Brain's residence did not turn up any evidence of actual manufacturing of methamphetamine and his offense level should have been only 20 under the Sentencing Guidelines.

This third claim fails and must be dismissed.  Brain does not make a claim here of ineffective assistance of counsel under the Sixth Amendment.  Rather, Brain disagrees with the presentence investigation report and the District Court's decision to sentence Brain after increasing his offense level to 30 pursuant to U.S.S.G. § 2D1.1(b)(6)(C) (2004).

Brain improperly seeks to use this § 2255 proceeding as an avenue to relitigate the same basic issue that he unsuccessfully raised in his direct appeal to the Sixth Circuit Court of Appeals.  This he cannot do.  In his direct appeal to the Sixth Circuit, Brain raised the argument that he should not have received the increase in his offense level for creating a substantial risk of harm to the life of a minor child.  The Sixth Circuit rejected Brain's argument and affirmed the District Court's judgment and sentence.  *Brain*, 226 Fed. Appx. 511.  The Sixth Circuit stated that when police officers executed the search warrant, they found evidence that a methamphetamine laboratory was

15

being operated inside Brain's home. *Id*. at 513. Brain cannot utilize this § 2255 motion to relitigate the same issue that was previously decided by the Sixth Circuit in his direct appeal. *Wright*, 182 F.3d at 467; *Jones*, 178 F.3d at 796; *Oliver*, 90 F.3d at 180; *DuPont,* 76 F.3d at 110-11.

Moreover, Brain does not offer any new probative facts and proof to show that his sentence of imprisonment was based on "untrue and inaccurate facts," and that he has been deprived of his constitutional right to due process of law. As discussed *supra* with regard to Brain's first claim, he has not presented any new facts and affidavits from uncalled witnesses to establish that his sentence of imprisonment was enhanced or increased based on untrue and inaccurate facts.

### D. Fourth and Fifth Claims: Reclassification of Methamphetamine as Schedule II Controlled Substance

The Court analyzes the fourth and fifth claims together. Brain's fourth claim is that the government did not show that the methamphetamine involved in Count One of the indictment was an injectable liquid form of methamphetamine which Brain contends is necessary to qualify it as a Schedule II controlled substance under 21 U.S.C. § 812. Brain argues that pursuant to § 812 non-injectable methamphetamine is a Schedule III controlled substance. It is argued that methamphetamine can only be a Schedule II controlled substance under § 812 when it is in the form of an injectable liquid. Brain says this is significant because it impacts the calculation of the maximum sentence of imprisonment that can be imposed on him under 21 U.S.C. § 841(b). Brain asserts that his sentence of imprisonment of 130 months exceeds the statutory maximum allowed for a conviction based on methamphetamine as a Schedule III controlled substance (methamphetamine not in form of injectable liquid). He argues that Congress has not modified the schedules for controlled substances that it originally established in 21 U.S.C. § 812.

This argument fails and Brain's fourth claim must be dismissed. The Attorney General has properly exercised the authority granted by Congress pursuant to 21 U.S.C. § 811 to redesignate and reclassify methamphetamine as a Schedule II controlled substance. 21 C.F.R. § 1308.12(d). The Sixth Circuit has held that pursuant to the authority granted by Congress in 21 U.S.C. § 811, and in conformity with the procedural requirements, the Attorney General in 1974 redesignated and reclassified non-injectable methamphetamine as a Schedule II controlled substance. *United States v. Schrock*, 855 F.2d 327, 331-32 (6th Cir. 1988); *accord United States v. Alcorn*, 93 Fed. Appx. 37 (6th Cir. 2004); *United States v. Pinkley*, 24 Fed. Appx. 287, 288-89 (6th Cir. 2001); *Dexta v. United States*, 2011 WL 601554, * 8 (E.D. Tenn. Feb. 1, 2011).

This brings us to the fifth claim in his § 2255 motion. Brain claims that he was been denied due process of law guaranteed under the Fifth Amendment to the United States Constitution when the federal government relied on the administrative reclassification of non-injectable methamphetamine from a Schedule III to a Schedule II controlled substance under 21 U.S.C. § 811. Brain argues that the § 811 administrative reclassification of methamphetamine as a Schedule II controlled substance was accomplished without fully complying with the Administrative Procedures Act, Title 5 of the United States Code, when the federal government failed to conduct a hearing on the issue. Brain asserts that the Bureau of Narcotics and Dangerous Drugs failed to hold a hearing in compliance with 21 U.S.C. § 811(a) and the Administrative Procedures Act. Brain states:

> Because Congress established the Schedule of controlled substances [21 U.S.C. § 812], and allowed the Executive branch to change the schedule under certain conditions [21 U.S.C. § 811], those conditions specified by Congress to apply to the reclassification process must be strictly complied with. The full compliance with the Administrative Procedures Act was required. Yet, a review of the history of the matter establishes that the Director of the Bureau of Narcotics and Dangerous Drugs did not establish a proposed change in a lawful way. The director of BNDD proposed to

17

> change the methamphetamine in Schedule III to Schedule II without having first received the requisite authority from the Attorney General to do so. The Attorney General did not make a delegation of authority regarding the scheduling of controlled substances until after the Director of BNDD had set the machinery in motion to accomplish the change. Thus, his initiation of the change in schedule was a violation of the APA because he had no authority, at the time, to propose the change in the Schedule.

[Court Doc. No. 49, p. 8]. In short, Brain claims that his counsel was ineffective for not litigating this matter in the District Court, especially during the sentencing phase.

The Court concludes that these fourth and fifth claims in the § 2255 motion must be dismissed as frivolous. Brain does not cite any legal precedent directly on point to support his arguments. He has not submitted any documents and facts to support his fifth claim.

It is well settled that methamphetamine, in all its forms, has been lawfully classified as a Schedule II controlled substance in accordance with 21 U.S.C. § 811 and 21 C.F.R. § 1308.12(d). This is despite the much earlier distinction in 21 U.S.C. § 812 between injectable liquid methamphetamine and non-injectable methamphetamine which is not applicable to the conviction and sentencing of petitioner Brain. There is no procedural deficiency or constitutional violation under federal law in the administrative redesignation and reclassification of methamphetamine, in all its forms, as a Schedule II controlled substance. Brain's arguments to the contrary are frivolous. *United States v. Duran*, 219 Fed. Appx. 762, 764 (10th Cir. 2007); *United States v. Turner*, 187 Fed. Appx. 698, 700 (9th Cir. 2006); *United States v. Walters*, 163 Fed. Appx. 674, 684 (10th Cir. 2006); *United States v. Macedo*, 406 F.3d 778, 785 (7th Cir. 2005); *Alcorn*, 93 Fed. Appx. 37; *United States v. Gori*, 324 F.3d 234, 239-40 (3rd Cir. 2003); *Pinkley*, 24 Fed. Appx. 287, 288-89; *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994); *United States v. Branch*, 980 F.2d 1445 (5th Cir. 1992); *United States v. Kinder*, 946 F.2d 362, 368 (5th Cir. 1989); *United States v. Durham*, 941

F.2d 886, 889 (9th Cir. 1991); *United States v. Lane*, 931 F.2d 40 (11th Cir. 1991); *United States v. Roark*, 924 F.2d 1426, 1428-29 (8th Cir. 1991); *United States v. Kendall*, 887 F.2d 240 (9th Cir. 1989); *Schrock*, 855 F.2d at 331-32; *Dexta*, 2011 WL 601554, at * 8.

Because there was no valid basis for counsel to raise and litigate these frivolous arguments when Brain's case was before the District Court for sentencing, Brain fails to make out a viable Sixth Amendment ineffective assistance of counsel claim in this 28 U.S.C. § 2255 proceeding. Brain's counsel was not ineffective for failing to raise and pursue meritless argument. *Mapes v. Coyle*, 171 F.3d 408, 427 (6th Cir. 1999).

**IV.    Conclusion**

Accordingly, the motion by federal prisoner Robert Glen Brain for post-conviction relief pursuant to 28 U.S.C. § 2255 [Court Doc. No. 49] shall be **DENIED and DISMISSED WITH PREJUDICE**. A separate judgment will be entered.

SO ORDERED.

ENTER this the 7th day of April, 2011.

                    */s/ R. Allan Edgar*
                    R. ALLAN EDGAR
                    UNITED STATES DISTRICT JUDGE